United States District Court
for the
Southern District of Florida

| Karl Oreste, Movant, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-20407-Civ-Scola |
| | ) |
| United States of America, | ) |
| Respondent. | ) |

## **Order Denying Motion for Relief From Judgment**

The movant Karl Oreste requests that the Court reopen this section 2255 proceeding pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Mot., ECF No. 18.) The Government opposes the motion. (Resp., ECF No. 19.) The Court has carefully reviewed the motion, the response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the motion is **denied**.

In his motion to vacate, Oreste asserted that his counsel was ineffective during the change of plea process and sentencing. (ECF Nos. 1, 4.) This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a Report and Recommendation on any dispositive matters. On December 28, 2016, Judge White issued a Report, recommending that the Court deny Oreste's motion to vacate his sentence. (Report of Magistrate, ECF No. 14.) Following review, the Court adopted the Report on February 15, 2017. (ECF No. 16.)

In the instant motion, Oreste argues that he received ineffective assistance of counsel during the plea stage for the additional reason that his counsel failed to challenge the Court's jurisdiction based upon a statute of limitations argument. As a result, Oreste argues that the underlying judgment is void, and that he is entitled to relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Mot., ECF No. 18 at 2-3.) Orestes also asserts that he is entitled to relief under Rule 60(b)(6).

In its response, the Government argues that Orestes's motion is an attempt to assert a new claim or grounds for relief from the underlying sentence, and is therefore barred as a second or successive motion under section 2255(h). In addition, the Government argues that Orestes is not entitled relief under either section of Rule 60(b).

Upon review, the Court concludes that Orestes's motion constitutes an improper attempt to assert an additional claim for relief under section 2255, which he failed to assert in his initial motion. In the instant motion, Orestes attempts to sidestep the requirement to obtain a certification from the Eleventh Circuit to file a second or successive motion by characterizing his argument as jurisdictional—asserting that the underlying judgment is void, and that his trial counsel was therefore ineffective for failing to raise it. In effect, Orestes's motion constitutes a challenge to the Court's previous resolution of his motion to vacate on the merits. However, such a use of Rule 60(b) is not permissible, and constitutes a successive petition. *Murphy v. United States*, 438 F. App'x 818, 819 (11th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)). Indeed, none of the cases relied upon by Orestes dictate a different outcome. *See, e.g. Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015) (finding that a Rule 60(b) motion was proper where the movant was "not trying to present a new reason why he should be relieved of either his conviction or his sentence . . . [but] instead trying to reopen his existing section 2255 proceeding and overcome a procedural barrier to its adjudication."). Here, the Court denied Orestes's section 2255 motion on the merits, and because he is not "pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case," his motion is barred § 2255(h). *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011).

Accordingly, Orestes's motion (**ECF No. 18**) is **denied**. In addition, the Court **denies** a certificate of appealability. This case shall remain **closed**.

**Done and ordered** at Miami, Florida, on May 10, 2018.

Robert N. Scola, Jr.
United States District Judge